FILED
SUPERIOR COURT
OF GUAM

2021 JAN -7 PM 12: 44

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KOREA RESOLUTION & COLLECTION CORPORATION, a Korean corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FADIAN DEVELOPMENT, INC., a for-profit Guam corporation; B&K DEVELOPMENT, LLC., a Delaware corporation, MYUNG MOK BAE, an individual also known as MYEONG MOK BAE; KEIZAI RYU BAE, and individual; and DOES 1-50, inclusive,<br><br>Defendants. | CIVIL CASE NO. CV0375-18<br><br>DECISION AND ORDER |

### INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Fadian Development, Inc.'s ("Fadian") Motion to Dismiss Amended Complaint. Attorney Anthony Perez represents Fadian; Attorney Geri E. Diaz represents Plaintiff Korea Resolution & Collection Corporation ("Plaintiff"); Attorney Delia S. Lujan Wolff represents Defendants Myung Mok Bae and Keizai Ryu Bae; and Defendant B&K Development, LLC ("B&K") represents itself pro se.[1] Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

---

[1] On September 20, 2019, Defendant B&K Development, LLC discharged Brooks Concepcion Law, P.C. as its counsel in this matter. No substitution of counsel has been received by the Court since.

---

Korea Resolution & Collection Corp. vs. Fadian Development, et al.
Case No. CV0375-18
Decision and Order

## BACKGROUND

Plaintiff is a wholly owned subsidiary of the Korea Deposit Insurance Corporation ("KDIC"), which is the counterpart to the U.S. Federal Deposit Insurance Corporation in the Republic of Korea. (First Am. Compl. ¶ 1, Nov. 7, 2019). KDIC was appointed as trustee for the bankrupt Gyeongnam Merchant Bank, Co., Ltd., and succeeded in all rights and obligations of the creditor. *Id.* at ¶ 3. On or about June 11, 2004, KDIC, as the bankruptcy trustee for the Bankrupt Gyeongnam Merchant Bank, Co., Ltd., assigned its claim to Plaintiff. *Id.* On or about October 24, 2013, a Korean Judgment was made by the Seoul Central District in favor of Plaintiff and against Defendant Myung Mok Bae where he was ordered to pay Plaintiff the amount of 840,776,748 Korean Won, with interest accrued at the rate of 21% per year ("the Korean Judgment"). *Id.* at ¶ 15. The Korean Judgment is based on a loan agreement entered into on or about October 27, 1993 by Jangbok Construction, Co., Ltd., with Defendant Myung Mok Bae standing in joint surety for the loan agreement. *Id.* at ¶ 18. Plaintiff has been unable to collect on the Korean Judgment because Defendant Myung Mok Bae and his family left the Republic of Korea and moved to Guam. *Id.* at ¶ 19.

On April 11, 2018, Plaintiff filed this action, alleging three causes of action: (1) Recognition of Foreign-Country Judgment per 7 G.C.A. §§ 52101-52111; (2) Fraudulent Transfer in Violation of 6 G.C.A. § 6101 against all defendants; and (3) Constructive Fraudulent Transfer in Violation of 6 G.C.A. § 6103 against all defendants.[2] *See* Compl. ¶¶ 5-50, Apr. 11, 2018.

On May 2, 2019, Fadian filed a Motion to Dismiss Complaint, which was joined by Defendants Myung Mok Bae and Keiza Ryu Bae. On October 10, 2019, the Court issued a Decision and Order granting in part Fadian's Motion to Dismiss Complaint. The Court granted Fadian's Motion to Dismiss as to the Second Cause of Action (Fraudulent Transfer), but gave Plaintiff the opportunity to amend its' Complaint pursuant to Guam Rules of Civil Procedure

---

[2] Plaintiff acknowledges in its Opposition to the instant Motion to Dismiss that the citation to 6 G.C.A. §§ 6101 and 6103 is a clerical error and should reflect 20 G.C.A. §§ 6101 and 6103 instead. *See* Opp'n at 4, fn. 2.

*Korea Resolution & Collection Corp. vs. Fadian Development, et al.*
Case No. CV0375-18
Decision and Order

Page 2 of 10

15(a). (Dec. & Order at 4-6, Oct. 10, 2019). The Court denied Fadian's Motion to Dismiss as to the Third Cause of Action (Constructive Fraudulent Transfer). *Id.* at 6-9.

On November 7, 2019, Plaintiff filed its First Amended Complaint.

On November 21, 2019, Defendants Myung Mok Bae and Keiza Ryu Bae filed their Answer to the First Amended Complaint.

On February 28, 2020, Fadian filed the instant Motion, moving to dismiss the First Amended Complaint. On March 27, 2020, Plaintiff filed its Opposition, and on May 15, 2020, Fadian filed its Reply.

B&K has not filed any responsive pleading to the First Amended Complaint.

## DISCUSSION

Fadian moves the Court to dismiss the second and third causes of action in the First Amended Complaint for failure to state a claim upon which relief can be granted and for failure to plead fraud with sufficient particularity, pursuant to Guam Rules of Civil Procedure 12(b)(6) and 9(b). *See generally*, Mot. Dismiss, Feb. 28, 2020.

### A. GRCP 12(b)(6) Legal Standard

When considering a Rule 12(b)(6) dismissal, the Court must:

> construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. Dismissal for failure to state a claim is appropriate *only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief.*

*Taitano v. Calvo Fin. Corp.*, 2009 Guam 9 ¶ 6 (internal citations and quotation marks omitted) (emphasis added). *See also Core Tech Intern. Corp. v. Hanil Engineering & Const. Co., Ltd.,* 2010 Guam 13 ¶ 52. A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Guam law only requires a short and plain statement of the claim showing entitlement to relief." *Ukau v. Wang*, 2016 Guam 26 ¶ 52. "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by

*Korea Resolution & Collection Corp. vs. Fadian Development, et al.*
Case No. CV0375-18
Decision and Order

Page 3 of 10

reference, and documents on which the complaint heavily relies." *Newby v. Government of Guam*, 2010 Guam 4 ¶ 14 (citation omitted). Courts, however, "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16 (citation omitted).

## B. GRCP 9(b) Legal Standard

To successfully plead a claim of fraud, Plaintiff must plead facts with sufficient particularity to demonstrate the elements of fraud. *Taitano I*, 2008 Guam 12 ¶ 12; *see also* Guam R. Civ. P. 9(b) (requiring that "the circumstances constituting fraud or mistake shall be stated with particularity" and that "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally."). Fraud claims are special matters that are subject to a heightened pleading standard." *Ukau*, 2016 Guam 26 ¶ 35. Thus, "[w]hen reviewing a Rule 12(b)(6) dismissal for failure to plead a fraud claim pursuant to Rule 9(b), [the court] must determine . . . whether the complaint pleaded facts with sufficient particularity." *Id.* at ¶ 35 (citation omitted). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Taitano I*, 2008 Guam 12 ¶ 15 (citation omitted). "The allegation must include enough detail to give defendants notice of the particular fraudulent misconduct so that they can defend against the charge and not just deny that they have done anything wrong. The pleading must be specific enough to give defendants notice of the who, what, when, where, and how of the misconduct charged." *Id.* at ¶ 25 (internal citations, quotation marks, and alterations omitted).

## C. Whether Plaintiff's claims are moot

Fadian first argues that the fraudulent transfer and constructive fraudulent transfer claims are moot because of developments in a related Superior Court of Guam Civil Case, CV0452-16, *Nadler, et. al. v. Fadian, et. al.*, and should therefore be dismissed. *See* Mot. Dismiss at 3-5. Fadian sets forth that "Plaintiff seeks to void the transfer of properties from Fadian to B&K as such transfers were purportedly fraudulent" and that because the transfer of properties has been restored to Fadian in CV0452-16, the claims are therefore moot. *Id.* In CV0452-16, the court granted a motion for summary judgment finding that the transfer of title

*Korea Resolution & Collection Corp. vs. Fadian Development, et al.*
Case No. CV0375-18
Decision and Order

Page 4 of 10

of the thirty-three (33) parcels of land from Fadian to B&K were invalid, and that the Quitclaim Deed transferring such properties was null and void. *See* Mot. Dismiss, Ex. A. Fadian argues, therefore, that "Plaintiff's causes of action seeking to void the transfer of properties from Fadian to B&K has already been accomplished." *Id.* at 5.

Plaintiff, in opposition, argues that "while the court's decision in the Nadler Action voided the fraudulent transfer of the 33 parcels of real property, it did not negate the fraudulent transfer that took place," and that Plaintiff, as a creditor, "is entitled to all available remedies." (Opp'n at 5). Plaintiff also argues that "as a coconspirator, Fadian is further subject to liability for damages up to and including the value of the property fraudulently transferred or the amount of the underlying debt." *Id.*

The Court notes that the relief sought by Plaintiff in this matter does not include the voiding of the transfer of properties of Fadian to B&K. The First Amended Complaint seeks compensatory and special damages related to the fraudulent transfers alleged. *See* First Am. Compl. at 10, Nov. 7, 2019. Further, Plaintiff also alleges that "[p]ursuant to a Share Transfer Agreement, on or about June 13, 2012, Myung Bae transferred a majority of his Fadian shares to Keizai Bae." First Am. Compl. ¶ 32. This allegation is separate from the transfer of 33 parcels of real property from Fadian to B&K. Accordingly, the Court finds that the Decision and Order in the Nadler Action does not prevent Plaintiff from proceeding with its claims for fraudulent transfer and constructive fraudulent transfer in this matter.

**D. Whether the First Amended Complaint complies with the applicable statute of limitations**

Although the Decision and Order in the Nadler Action does not prevent Plaintiff from proceeding with its claims for fraudulent transfer and constructive fraudulent transfer, such claims must have been filed within the applicable statute of limitations under 7 GCA Chapter 11. Fadian argues that Plaintiff has failed to timely do so. (Mot. Dismiss at 18). Plaintiff does not respond to this argument in its Opposition, however, the Court still has a duty to address the merits of the argument. *See Quitugua vs. Flores*, 2004 Guam 19 ¶¶ 27-28.

*Korea Resolution & Collection Corp. vs. Fadian Development, et al.*
Case No. CV0375-18
Decision and Order

Page 5 of 10

Title 7 GCA Chapter 11 provides the periods prescribed for the commencement of actions other than for the recovery of real property. An action for relief on the ground of fraud or mistake must commence within three years, however, "[t]he cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." 7 G.C.A. § 11305(d).

As an initial matter, the Court finds that the First Amended Complaint filed on November 7, 2019 relates back to the initial Complaint filed on April 11, 2018.

> An amended complaint is considered a new action for purposes of the statute of limitations only if the claims do not 'relate back' to an earlier timely filed complaint. Under the relation-back doctrine, an amended relates back to the original complaint if the amendment (1) rests on the same general set of facts; (2) involves the same injury; and (3) refers to the same instrumentality.

*Newport Harbor Ventures, LLC vs. Morris Cerullo World Evangelism*, 212 Cal. Rptr. 3d, 216, 227-28 (Cal. App. 2016), *aff'd* 413 P.3d 650 (2018) (internal citations omitted). Here, the First Amended Complaint rests on the same general facts, involves the same injury, and refers to the same instrumentality. Therefore, for the purpose of calculating statute of limitations, the Court will use the date of the filing of the initial Complaint.

Although 7 G.C.A. § 11305(d) provides that the three year statute of limitations is deemed not to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake, there are no facts in the First Amended Complaint that specifically set forth when the fraud was "discovered." Therefore, the Court has no choice but to look to the dates of the fraudulent acts alleged. If the Court looks to the date of the transfers, the Share Transfer Agreement, whereby Myung Bae transferred a majority of his Fadian shares to Keizai Bae, was made on or about June 13, 2012. (First Am. Compl. ¶ 32). Thereafter, on or about March 2016, all of Fadian's assets were transferred to B&K. *Id.* at ¶ 33. Three years from the date of the Share Transfer Agreement would be June 13, 2015; three years from the date that all of Fadian's assets were transferred to B&K in March 2016 would be March 2019. Plaintiff filed its Complaint on April 11, 2018. Therefore, the Court finds that the Complaint was filed within

*Korea Resolution & Collection Corp. vs. Fadian Development, et al.*
Case No. CV0375-18
Decision and Order

Page 6 of 10

the statute of limitations as to the transfer of Fadian's assets to B&K in March 2016, but not as to the Share Transfer Agreement in June 2012.

**E. Second Cause of Action – Fraudulent Transfer in Violation of 6 G.C.A. § 6101**

Fadian next argues that Plaintiff has failed to plead the fraudulent transfers with the requisite particularity required for fraud claims. *See* Mot. Dismiss at 12-14. Plaintiff's Second Cause of Action alleges a fraudulent transfer in violation of 20 G.C.A. § 6101. (First Am. Compl. ¶¶ 28-37). Because a fraudulent transfer claim under section 6101 implicates Rule 9(b) as a claim for "fraud," the Court must review whether Plaintiff pleaded its claim with sufficient particularity pursuant to Rule 9(b). *Ukau*, 2016 Guam 26 ¶ 43. The Court must first determine whether Plaintiff stated the circumstances surrounding the fraud with particularity, then determine whether Plaintiff averred Defendants' intent to defraud generally. *Id.*

Plaintiff's First Amended Complaint sets forth the following regarding the circumstances surrounding the fraud:

29. Myung Bae is obligated to pay KR&C the amount required by the Korean Judgment as detailed above.

30. Given Myung Bae's position in the company and given that his status as join surety on the loan, Myung Bae knew that Jangbok Construction, Co., Ltd., had defaulted on the Loan as a result, that Plaintiff would attempt to collect the monies owed from Myung Bae, as joint surety of the Loan.

31. Upon information and belief, Defendants further knew that Plaintiff would attempt to collect the monies owed to Plaintiff from Myung Bae. This belief is based on the fact that Keizai Bae is the wife of Myung Bae, and both hold positions with Fadian with Keizai Bae its Vice Chairperson and Vice President and Myung Bae its Chairman of the Board and Chief Financial Officer. In addition, given Defendants' participation in the series of transactions detailed more fully below, Defendants are believed to have knowledge of Plaintiff's attempts to collect monies owed from Myung Bae and that the purpose of the transactions detailed below was to evade creditors including Plaintiff.

32. Pursuant to a Share Transfer Agreement, on or about June 13, 2012, Myung Bae transferred a majority of his Fadian shares to Keizai Bae.

33. Thereafter, on or around March 2016, Fadian, through Myung Bae and Keizai Bae, acting on behalf of Fadian as its majority shareholders, transferred all of

*Korea Resolution & Collection Corp. vs. Fadian Development, et al.*
Case No. CV0375-18
Decision and Order

Page 7 of 10

Fadian's assets to B&K. Based on a public records search, the transfer included thirty-three (33) parcels of real property from Fadian to B&K.

(First Am. Compl. ¶¶ 28-33).

Plaintiff's First Amended Complaint states the following regarding Defendants' alleged intent to defraud:

34. Based on the above conduct, Defendants voluntarily and willfully conspired to transfer the assets so that they would not be available to satisfy the Korean Judgment. Defendants further knew, or at the very least, had reasonable cause to believe that such transfers were made to defraud Plaintiff and/or to obstruct the enforcement of Plaintiff's rights to take the assets in execution of the Korean Judgment.

35. As reflected in the publically available records and the sworn statements made In the Verified Complaint in the Nadler Action and the Mariana Stone Action, the above transactions were made without valuable consideration or authorization.

36. Upon information and belief, Defendants conspired and carried out the transfers with the actual intent to hinder, delay, and defraud Plaintiff in the enforcement of the judgment that Defendants knew Plaintiff would ultimately secure by making Plaintiff's collection efforts more difficult. As a direct and proximate cause of Defendants' actions, Plaintiff has been damaged in an amount to be ascertained at the time of trial.

36. Defendants' fraudulent actions entitle Plaintiff to punitive damages. Defendants acted with malice, i.e., a "conscious disregard" of Plaintiff's rights and intentionally tried to defraud Plaintiff through concealing and transferring assets. Accordingly, defendants should be forced to pay punitive damages in an amount appropriate to punish and/or deter future misconduct.

(First Am. Compl. ¶¶ 34-37).

"Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading stage." *Ukau*, 2016 Guam 26 ¶ 47 (citing *Taitano v. Calvo Fin. Corp.*, 2008 Guam 12 ¶ 16). "Rather, what is required is that a plaintiff set forth his claim as to what particular fraudulent action is being alleged." *Id.* "This standard has been described as a 'who, what, when, where, and how' requirement." *Id.* Here, Plaintiff's Complaint alleges facts that when taken as true establish the particular transferor and transferees, the transfer of particular assets, the dates upon which the assets were transferred, and the means by which the transfer was agreed upon and executed.

*Korea Resolution & Collection Corp. vs. Fadian Development, et al.*
Case No. CV0375-18
Decision and Order

Page **8** of **10**

Therefore, the Court finds that the Complaint satisfies the heightened "particularity" pleading standard set out in Rule 9(b) for the circumstances surrounding the fraud.

### F. Third Cause of Action – Constructive Fraudulent Transfer in Violation of 6 G.C.A. § 6103

Lastly, Fadian argues that the Third Cause of Action must be dismissed because Plaintiff failed to adequately plead constructive fraudulent transfer. *See* Mot. Dismiss at 14-17. To properly plead a cause of action for constructive fraudulent transfer, Plaintiff must allege that the transfers of property were made while insolvent or in anticipation of insolvency. 20 G.C.A. § 6103. "A person is insolvent who either has ceased to pay his debts in the ordinary course of business or cannot pay his debts as they become due." *Town House Dep't Stores, Inc.*, 2000 Guam 32 ¶ 26 (citation omitted). Fadian argues that the Third Cause of Action in the First Amended Complaint was inadequately plead because the factual allegations in support of the cause of action are alleged on the basis of "upon information and belief." (Mot. Dismiss at 15).

Unlike actual fraudulent transfer, the presumption of fraud under constructive fraudulent transfer "is inapposite to a general action for fraud. Therefore, the heightened standard provided by Rule 9(b), applicable only to "fraud" claims, is not appropriate for an action for fraudulent transfer under 20 GCA § 6103." *Ukau*, 2016 Guam 26 ¶ 41. "Because a fraudulent transfer claim under 20 GCA § 6103 does not implicate Rule 9(b)'s heightened pleading requirement, [the court] must review whether [Plaintiff] pleaded [its] claim under the general notice pleading standard pursuant to Rule 8(a)." *Id.* at ¶ 44. Rule 8(a) requires only a "short and plain statement of the claim." *Taitano*, 2008 Guam 12 ¶ 13 (quoting GRCP 8(a) (2007)). *See also Ukau*, 2016 Guam 26 ¶ 27 (declining to adopt the plausibility standard from *Twombly* and *Iqbal*, choosing instead to rely on the traditional interpretation of GRCP 8(a)). As a cause of action under 20 GCA § 6103 does not fall under the heightened standard of Rule 9(b), the Court does not find that the factual allegations were inadequately plead, and denies Fadian's Motion to Dismiss on this ground.

*Korea Resolution & Collection Corp. vs. Fadian Development, et al.*
Case No. CV0375-18
Decision and Order

Page **9** of **10**

Faidan also argues that there are numerous other deficiencies in the third cause of action relating to ownership of property and allegations of insolvency, thereby requiring its dismissal. (Mot. Dismiss at 16-18).

Title 20 GCA §§ 6101 and 6103 "were derived from former Sections 3439 and 3442 of the California Civil Code, respectively. Thus, California precedent, while not controlling, is helpful in the application of these statutes." *Town House Dept. Stores, Inc.*, 2000 Guam 32 ¶ 15. Here, the Court finds that the First Amended Complaint sufficiently states a cause of action as it alleges that Defendants' assets are diminished as a result of the fraudulent actions and transfers. "Where the transfer renders one insolvent his insolvency is contemplated by the very act of making the transfer." *Benson v. Harriman*, 204 P. 255, 256 (Cal. App. 1921) (citation omitted). Further, "a debtor is insolvent, if, at fair valuations, the sum of the debtor's debts is greater than all of the debtor's assets. To determine solvency, the value of a debtor's assets and debts are compared." *Mejia v. Reed*, 3 Cal. Rptr. 3d 390, 393 (Cal. 2003) (citing California's Uniform Fraudulent Transfer Act). Accordingly, the Court will not dismiss the Third Cause of Action on this ground.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Fadian's Motion to Dismiss Amended Complaint.

**IT IS SO ORDERED** this _____ JAN 07 2021 _____.

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
A. C. Perez, Camacho Calvo
Delvan
Date:_____ Time: 1/7/21
Unknown
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*Korea Resolution & Collection Corp. vs. Fadian Development, et al.*
Case No. CV0375-18
Decision and Order